# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD B. GILLETTE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civ. No. 13-CV-3329-S-DGK-1 |
| | ) | Crim. No. 11-CR-3037-S-DGK |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT JUDGMENT

This case arises out of Movant Richard B. Gillette's guilty plea to one count of money laundering in violation of 18 U.S.C. § 1957. Pending before the Court is Movant's "Motion to Vacate, Set Aside or Correct Sentence" (Doc. 1).

Movant requests that this Court reduce his sentence because of his allegedly deteriorating health. Finding that Movant's claim is not cognizable, the Court DENIES the motion.

### Factual Background and Procedural History[1]

On April 7, 2011, a federal grand jury empaneled in Springfield, Missouri, returned an indictment formally charging Movant with five counts of bank fraud in violation of 18 U.S.C. § 1344 and nine counts of money laundering in violation of 18 U.S.C. § 1957. On May 23, 2012, Movant appeared before the Honorable Richard E. Dorr and entered a plea of guilty to Count Six of the indictment (money laundering) pursuant to a written plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(A). Movant expressly waived his right to challenge his conviction or sentence except on the grounds of ineffective assistance of counsel, prosecutorial misconduct, and an illegal sentence.

---

[1] This version of the factual background and procedural history is taken directly from Respondent's brief (Doc. 4).

Specifically, the plea agreement stated in Paragraph 15:

a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

At the change-of-plea hearing, the court reviewed the waiver with Movant and made certain that he had knowingly and voluntarily agreed to waive his right to file an appeal or seek post-conviction relief.

On November 15, 2012, the court sentenced Movant to twenty-four months of imprisonment, followed by three years of supervised release. Movant was also ordered to pay restitution in the amount of $1,292,256.92.

Movant filed the instant post-conviction motion on August 29, 2013.

## Discussion

28 U.S.C. § 2255 allows a district court to "vacate, set aside or correct [a] sentence" which "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Movant is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id.* at 2255(b).

Here, Movant contends that his poor health allows the Court to modify his sentence. However, Movant does not demonstrate how this is cognizable under § 2255(a). Rather, he states in a conclusory fashion, without citation to legal authority, that his "original sentence would be subject to collateral attack because of his health condition" (Doc. 1, at 3). The declining state of a prisoner's health is not a basis for vacating his sentence under § 2255.

Even if Movant's health could give rise to a collateral attack, Movant unequivocally waived the right to collaterally attack his sentence in his written plea agreement. *See Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011) ("A defendant may waive the right to seek collateral relief under § 2255."). A waiver within a written plea agreement "is enforceable when [1] the claim raised falls within the scope of the waiver, [2] the defendant knowingly and voluntarily entered into the plea agreement and waiver, and [3] enforcement of the waiver would not result in a miscarriage of justice." *Id.*

Here, the waiver precludes collateral attack of "any ground." The sole exceptions to that waiver—grounds of ineffective assistance of counsel, prosecutorial misconduct, and an illegal sentence—do not apply here. Movant demonstrated at his change-of-plea hearing that his waiver was knowing and voluntary, and the Court finds that enforcement of the waiver would not result in a miscarriage of justice. Therefore, the plea agreement forecloses Movant's sole claim for relief. Movant's poor health is not grounds for vacating his conviction or sentence, and he is not entitled to a hearing.

Movant can appeal the Court's decision to the Eighth Circuit Court of Appeals only if the Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). Because Movant cannot make a substantial showing of a denial of a constitutional right or raise a debatable issue

among reasonable jurists, this Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## Conclusion

Movant's claims are without merit. Accordingly, Movant's motion is DENIED. A hearing is not warranted because the record conclusively shows that Movant is not entitled to any relief, and a certificate of appealability shall not issue.

**IT IS SO ORDERED.**

Date: April 7, 2014  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT